UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIE J. ROBINSON,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**COMMISSIONER OF SOCIAL SECURITY et al,**<br><br>　　　　**Defendants.** | Civ. No. 2:13-03450 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　*Pro se* Plaintiff Willie J. Robinson brings this action against the Commissioner of Social Security (the "Commissioner") alleging civil rights violations arising from a dispute regarding his social security retirement benefits. This matter comes before the Court on Plaintiff's motion for a preliminary injunction preventing the Commissioner from withholding his benefits, and on Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's request for a preliminary injunction is **DENIED** and Defendants' motion to dismiss is **GRANTED**.

### I.　BACKGROUND

　　Robinson began receiving Social Security retirement benefits in February 2010. Compl. ¶ 11. Around that time, Robinson was arrested on a misdemeanor charge. Unable to post bail, he remained incarcerated until May 2010. Compl. ¶ 11. Upon release, the Social Security Administration (the "SSA") sent him a check for the months during which he was incarcerated. Compl. ¶ 11. On August 5, 2010, the SSA sent Robinson a notice stating that the SSA had overpaid his retirement benefits to him in the amount of $2,157.00. Compl. ¶ 11.

　　In response to the notice, Robinson filed various complaints with Defendants Elisa Layton, Lynda Bryant, and Simone Herndon, who are all SSA employees. Compl. ¶¶ 12-15. Defendants Richard Bailey and Valarie Fisher, also SSA employees, confirmed that he would have to repay the amount to the SSA. Compl. ¶¶ 17-18. The SSA then withheld the amount from Robinson's May 2011 benefit check. Compl. ¶ 18. Defendant Elaine Garrison-Daniels was involved in this withholding. Compl. ¶ 20.

On May 20, 2011, Plaintiff demanded a hearing before an Administrative Law Judge ("ALJ"). Compl. ¶ 19. The ALJ found that the SSA did not overpay Robinson, and that the amount withheld from Robinson's benefit check should be given back to him. Compl. ¶ 23. Despite the ruling, the Commissioner only made a partial repayment of $1,636.00. Compl. ¶ 24. Plaintiff thus contends that he is owed the remaining amount of $521.00. Compl. ¶ 24.

Meanwhile, the SSA, through Defendant Garrison-Daniels, advised Robinson that he owed the SSA $2,788.00, because his earnings for 2011 exceeded the annual earnings limit of $14,160.00. Compl. ¶ 21. On December 11, 2012, the SSA began withholding funds from Robinson's benefits as repayment for that amount owed. Compl. ¶ 27.

Robinson filed the instant action on June 4, 2013. In addition to the previously mentioned Defendants, Robinson also named Regional Commissioner Beatrice M. Disman, in her individual capacity, in his Complaint. Compl. ¶ 1. On August 19, 2013, Robinson filed an application for a "Stay of Proceedings." ECF No. 16. That application is essentially a motion for a preliminary injunction preventing the Commissioner from recovering the allegedly overpaid amounts from Robinson's current and future benefits. Defendants move to dismiss, arguing that the Court lacks subject matter jurisdiction over Robinson's claims.

## II. DISCUSSION

Robinson alleges that Defendants withheld his retirement benefits in violation of his constitutional rights. He seeks an award of benefits and damages from Defendants. As a preliminary matter, the Court lacks subject matter jurisdiction over Robinson's claims against SSA employees Disman, Layton, Bryant, Herndon, Bailey, Fisher, Garrison-Daniels, and John/Jane Doe I & II. The Social Security Act (the "Act") provides the only avenue for challenging a denial of claimed benefits, and under Section 405(g) of the Act any suit must be against the Commissioner alone. 42 U.S.C. § 405(g); *see also Schweiker v. Chilicky*, 487 U.S. 412, 426-27 (1988) (refusing to recognize a constitutional tort action against SSA officials where plaintiff claimed that the officials' unconstitutional conduct resulted in loss of benefits and other damages). Accordingly, the Court will dismiss these claims. Moreover, dismissal will be with prejudice, because amendment of these claims would be futile. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

The Court also lacks subject matter jurisdiction over Robinson's claims against the Commissioner, because he has not exhausted his administrative remedies regarding the overpayments. Robinson's claims against the Commissioner all essentially arise from two allegedly wrongful denials of benefits. Accordingly, as noted previously, the Act provides the exclusive remedy for his claims. 42 U.S.C. § 405(h). In claims arising under the Act, judicial review is permitted only after a "hearing" by, and a "final decision" of, the Commissioner. 42 U.S.C. §§ 405(g)-(h); *see Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Specifically, an individual contesting a benefits determination must first complete a four-step administrative review process including: (1) an initial

determination, (2) reconsideration, (3) an ALJ hearing, and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1-4).  Once this process is completed, the Commissioner has issued a final decision.  The individual may then seek a district court's review of that final decision. 20 C.F.R. § 404.900(a)(5).  Here, nothing in the Complaint indicates that Robinson has completed this four-step process for either overpayment.  Accordingly, his claims against the Commissioner are also dismissed.  Finally, because the Court lacks subject matter jurisdiction over Robinson's claims, his preliminary injunction motion is denied.

### III.　CONCLUSION

For the reasons stated above, Plaintiff's motion for a preliminary injunction is **DENIED**, and Defendants' motion to dismiss is **GRANTED**.  Robinson's claims against Defendants Disman, Layton, Bryant, Herndon, Bailey, Fisher, Garrison-Daniels, and John/Jane Doe I & II are **DISMISSED WITH PREJUDICE**.  His claims against the Commissioner are **DISMISSED WITHOUT PREJUDICE**, so that he can exhaust his administrative remedies.  An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　　　/s/ William J. Martini  
　　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 19, 2014**